719 S.E.2d 389

**In re KASEY M., Kristina M., Kaleb M., Robert M.C., Christopher C., Nicholas C. and Noah C.**

No. 11–0203.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 18, 2011.

Decided Nov. 15, 2011.

W. Jesse Forbes, Forbes Law Offices, Charleston, WV, for Petitioner Robert C.

Jennifer R. Victor, Victor Victor & Helgoe, Charleston, WV, for Christine L.

Darrell V. McGraw, Jr., Attorney General, Michael L. Jackson, Assistant Attorney General, Charleston, WV, for DHHR.

Robin R. Louderback, Charleston, WV, Guardian Ad Litem for the minor child.

PER CURIAM:

This is an appeal by Robert C., petitioner/respondent below (hereinafter referred to as "Robert C."), from an order of the Circuit Court of Kanawha County that transferred custody of his son, C.C., to the child's biological mother, Christine L. In this appeal, Robert C. contends that the circuit court did not have authority to transfer custody of the child to Christine L., and that the evidence was insufficient to support such transfer of custody. After a careful review of the briefs and record submitted on appeal, and listening to the arguments of the parties, we reverse.

1. Robert C. and Patricia C. are the biological parents of one of the children, R.C. Robert C. is also the biological father of three of the other children, C.C., N.C. and N.C. Patricia C. is the biological mother of the three remaining children, K.M., K.M. and K.M. At the time of the abuse and neglect proceedings, the children ranged in age from four to thirteen years old.

2. Christine L. lived at a separate residence with N.C. and N.C. There were no abuse and neglect

I.

## FACTUAL AND PROCEDURAL HISTORY

The pertinent facts of this case began on April 22, 2010, when the West Virginia Department of Health and Human Resources (hereinafter referred to as "DHHR") filed an abuse and neglect petition against Robert C. and his wife Patricia C. The petition named seven children as being victims of abuse and neglect.[1] However, at the time the petition was filed, two of the children named therein, N.C. and N.C., were actually in the custody of their biological mother, Christine L.[2] The allegations in the petition alleged that Robert C. intentionally wrecked his car and injured Patricia C.; that Robert C. once threatened to knock the children's teeth out with a baseball bat; that Robert C. and Patricia C. smoked marijuana and have offered the drug to K.M.; that Robert C. made inappropriate comments about K.M.'s body and hugged her inappropriately; that K.M. was hospitalized due to self-inflicted injuries; and that Robert C. and Patricia C. failed to provide the children with food, clothing, supervision and housing.[3]

It appears that, after the abuse and neglect petition was filed, several hearings took place. However, the record on appeal contains only the transcript from the last hearing held on November 18, 2010. During that hearing, DHHR informed the court that it was going to dismiss the abuse and neglect allegations against Robert C. and release custody of all of the children except one, K.M. Also during that hearing, DHHR and the guardian ad litem for C.C. recommended that C.C. be placed with his biological mother, Christine L. Robert C. objected to transferring custody of C.C. to Christine L.

allegations alleged against Christine L. in the petition. She was made a party to the proceeding only because she was the biological parent of three of the children named in the petition. *See* W. Va.Code § 49–6–1(b) (2005) (Repl.Vol.2009) ("The petition ... shall be served upon both parents[.]").

3. The petition was drafted in extremely vague and general terms.

By order entered January 3, 2011, the circuit court dismissed the abuse and neglect charges against Robert C. and released custody of all of the children except K.M.[4] The order also transferred custody of C.C. to Christine L.[5] This appeal followed.

## II.

## STANDARD OF REVIEW

This is an appeal from an order of the circuit court that was entered in an abuse and neglect proceeding. The standard of review that governs appeals in abuse and neglect cases is set forth in Syllabus point 1 of *In the Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996), as follows:

Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.

*Accord* Syl. pt. 2, *In re N.A.*, 227 W.Va. 458, 711 S.E.2d 280 (2011). With the above principles in mind, we will address the issues at hand.

4. It appears that charges against Patricia C., as the biological mother of K.M., remained.

5. The order additionally dismissed Christine L. as a party to the proceedings.

6. C.C. was born on December 31, 2004. N.C. and N.C. are twins who were born on June 15, 2006.

## III.

## DISCUSSION

The dispositive issue raised by Robert C. in this appeal is whether the circuit court had authority to transfer custody of C.C. to Christine L., in an abuse and neglect proceeding, when the allegations of abuse and neglect against him were dismissed. Before we address the merits of the issue, some background information is required regarding the status of Robert C., Christine L., and C.C. prior to the institution of the abuse and neglect proceedings.

The limited record in this case shows that Robert C. and Christine L. were previously married and appear to have resided in Florida during their marriage. Three children were born from the marriage: C.C., N.C., and N.C.[6] The couple was granted a divorce in Florida at some point prior to 2009. Additionally, the record indicates that the divorce decree awarded custody of C.C. to Robert C. and awarded custody of N.C. and N.C. to Christine L. The record further reflects that Robert C. moved to West Virginia in 2009 with his new wife, Patricia C. The record does not indicate at what point Christine L. moved to West Virginia. When the abuse and neglect proceeding was filed in 2010, C.C. was in the custody of and living with Robert C.

As previously indicated in this opinion, during the abuse and neglect hearing held on November 18, 2010, DHHR informed the circuit court that the abuse and neglect petition would be dropped against Robert C. DHHR also informed the court that all of the children would be returned to the homes in which they resided prior to the petition being filed, except for C.C. and K.M.[7] DHHR informed the court that it was in the best interest of C.C. to be in the same home with

7. The status of K.M. is not before this Court in this appeal. K.M. was the oldest of the children, and she appears to have expressed a desire to not be returned to her home.

his full siblings, N.C. and N.C.[8] The guardian ad litem and counsel for Christine L. also argued that it was in the best interest of C.C. to live with his full siblings. Other than the oral arguments of DHHR, the guardian ad litem and counsel for Christine L., no actual witness testimony [9] or other type of evidence was presented to the circuit court at the hearing.[10]

■■■ Robert C., through counsel, objected to not having C.C. returned to him. Counsel pointed out to the court that the abuse and neglect charges against Robert C. had been dropped and that there was no finding that he was an unfit parent. Robert C. also informed the court that he was awarded custody of C.C. by a Florida court and that if Christine C. wished to have custody of the child, she was required to file a petition for custody modification with the family court. The circuit court rejected Robert C.'s arguments and ordered C.C. to be placed in the custody of Christine L. In this appeal, Robert C. contends that the circuit court did not have authority to modify the custody of C.C. We agree.

The disposition of children brought before a circuit court on a petition alleging abuse and neglect under W. Va.Code § 49–6–1(a) (2005) (Repl.Vol.2009), is carefully crafted under W. Va.Code § 49–6–5 (2006) (Repl.Vol. 2009).[11] W. Va.Code § 49–6–5(a) provides, in relevant part, that:

> Following a determination pursuant to [W. Va.Code § 49–6–2] wherein the court finds a child to be abused or neglected, the department shall file with the court a copy of the child's case plan, including the permanency plan for the child. . . . The court shall give precedence to dispositions in the following sequence:

(1) Dismiss the petition;

(2) Refer the child, the abusing parent, the battered parent or other family members to a community agency for needed assistance and dismiss the petition;

(3) Return the child to his or her own home under supervision of the department;

(4) Order terms of supervision calculated to assist the child and any abusing parent or battered parent or parents or custodian which prescribe the manner of supervision and care of the child and which are within the ability of any parent or parents or custodian to perform;

(5) Upon a finding that the abusing parent or battered parent or parents are presently unwilling or unable to provide adequately for the child's needs, commit the child temporarily to the custody of the state department, a licensed private child welfare agency or a suitable person who may be appointed guardian by the court . . . .; or

(6) Upon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child, terminate the parental, custodial and guardianship rights and responsibilities of the abusing parent and commit the child to the permanent sole custody of the nonabusing parent, if there be one, or, if not, to either the permanent guardianship of the department or a licensed child welfare agency. The court may award sole custody of the child to a nonabusing battered parent.

See *In re Beth Ann B.*, 204 W.Va. 424, 429, 513 S.E.2d 472, 477 (1998) ("[W. Va.Code § 49–6–5(a) ] does not foreclose the ability of the parties, properly counseled, in a child

---

**8.** After the abuse and neglect petition was filed, C.C. was removed from the custody of Robert C. and placed in the care of Christine L.

**9.** During the hearing, Robert C. personally addressed the court in a plea for the return of C.C., but his statements were not made under oath.

**10.** In the circuit court's order dismissing the petition against Robert C., it referenced to consideration being given to a report submitted by DHHR that was dated November 10, 2010. This report was not made part of the record in this

appeal. Further, this report was not submitted into evidence during the hearing held on November 18, 2010.

**11.** Because the events giving rise to the instant abuse and neglect proceeding occurred before W. Va.Code § 49–6–5 was amended, we will apply the version of the statute that was in effect a that time. *Compare* W. Va.Code § 49–6–5 (2006) (Repl.Vol.2009) with W. Va.Code § 49–6–5 (2011) (Supp.2011).

abuse or neglect proceeding, to make some voluntary dispositional plan."); *In re Lacey P.*, 189 W.Va. 580, 585 n. 4, 433 S.E.2d 518, 523 n. 4 (1993) ("Under W. Va.Code § 49–6–5(c), the legislature permitted the court to allow, as an alternative disposition, the parents a second chance at an improvement period not to exceed [six] months.").

 This Court made quite clear in Syllabus point one of *State v. T.C.*, 172 W.Va. 47, 303 S.E.2d 685 (1983) that,

> [i]n a child abuse and neglect hearing, before a court can begin to make any of the dispositional alternatives under W. Va. Code, 49–6–5, it must hold a hearing under W. Va.Code, 49–6–2, and determine "whether such child is abused or neglected." Such a finding is a prerequisite to further continuation of the case.

*See State v. C.N.S.*, 173 W.Va. 651, 656, 319 S.E.2d 775, 780 (1984) ("Once there has been a proper finding of abuse or neglect, the proceedings move into the dispositional phase, which is governed by W. Va.Code § 49–6–5.").

As shown above, before a circuit court may decide the permanent custody issue of a child in an abuse and neglect proceeding, it must make a finding that the child has been abused or neglected. In the instant proceeding, all parties agree that the circuit court did not find that C.C. was an abused or neglected child.[12] The parties agree that all allegations of abuse and neglect against Robert C. were dismissed without a finding that he abused or neglected any of the children. The circuit court explained its reasoning for transferring custody of C.C. to Christine L. as follows:

> [C.C.] shall be placed in the permanent physical custody of his mother, Christine [L.] In transferring physical custody of [C.C.] from his father to his mother, the Court has considered a number of factors, including, but not limited to, the turmoil in the [paternal] family's home that occa-

sioned the filing of this petition, the needs of the older children, the recommendations of the DHHR and the guardian ad litem and the positive experience [C.C.] has had while living with his mother and his two younger brothers since April. Placing [C.C.] in the permanent physical custody of his mother is in [C.C.'s] best interests.

While this Court appreciates the grounds cited by the circuit court for transferring the physical custody of C.C. to his mother, the circuit court simply did not have authority to make such a transfer without first finding C.C. was an abused or neglected child. To the extent that the circuit court believed that C.C. should be removed from the custody of Robert C., it could have rejected DHHR's decision to drop all allegations against Robert C. and forced the case to be litigated on the merits to determine whether C.C. was an abused or neglected child. This was not done, and, consequently, the circuit court's authority was limited to ordering C.C. to be returned to Robert C.[13]

## IV.

## CONCLUSION

In view of the foregoing, the circuit court's order of January 3, 2011, transferring custody of C.C. to Christine L. is reversed.

Reversed.

Chief Justice WORKMAN concurs and reserves the right to file a concurring opinion.

WORKMAN, Chief Justice, concurring:

I concur with the majority's decision because it reaches the proper legal conclusion in that W. Va.Code § 49–6–5(a) (2006) (Repl. Vol.2009), governing abuse and neglect proceedings, precludes a transfer of custody absent a finding of abuse or neglect. While I agree with the circuit court that there were a number of factors in this case that indicated

---

12. As previously stated in this opinion, the circuit court did not find that any of the children were victims of abuse or neglect. The case remained open against Patricia C. because her biological daughter, K.M., did not wish to return to her home.

13. Insofar as we have determined that the circuit court did not have authority to transfer custody of C.C., we need not address Robert C.'s second assignment of error concerning the sufficiency of the evidence.

that it would be in C.C.'s best interests to be placed with his mother, the court did not have authority to order a transfer of custody without a finding of abuse or neglect.

The proper means of seeking the change of custody would be a petition for modification. It is important to note that during oral argument in this case, this Court was advised that Christine L. had filed a petition for modification in the family court seeking custody of C.C. This Court also learned that after the circuit court entered its order in the abuse and neglect case transferring custody of C.C. to Christine L., the family court entered a modification order adopting the findings and conclusions in the circuit court's order relating to the placement of C.C. in his mother's custody. However, the family court also made its ultimate decision on the requested modification contingent upon the outcome of this appeal. In that regard, the family court included a provision in its modification order stating that if the circuit court's order "is modified pursuant to appeal, the resulting Order will be considered the Order of this Court." I am troubled by this order for two reasons.

First, the modification order purports to be a final appealable order, but it clearly is not because the family court's decision was made contingent upon the outcome of this case. How could either party have filed an appeal within the 30-day time limit prescribed by law when the appeal of the circuit court's decision was still pending at that time? Neither party would have been able to ascertain whether the family court order was adverse to him or her in the time frame required for appeal. Second, and even more troubling, is the fact that the family court allowed its decision on Christina L.'s motion for modification to be dictated by the outcome of the abuse and neglect proceedings. Pursuant to W. Va.Code § 48-9-401 (2001) (Repl. Vol 2009), a decision on a motion for modification of custody requires a determination of whether there has been a substantial change in the circumstances of the child or of one or both parents and whether a modification is necessary to serve the best interests of the child, obviously a completely different standard than a finding of abuse and neglect.

The allegations of abuse and neglect certainly constituted a change in circumstances, and there were several other factors that indicated that it would be in C.C.'s best interests to be placed in the custody of his mother. Therefore, regardless of the outcome of the abuse and neglect case, it seems that the circumstances probably warranted a modification of custody pursuant to W. Va.Code § 48-9-401.

However, our review in this appeal was limited to the circuit court's disposition of the abuse and neglect petition. Accordingly, for the reasons previously stated, I concur with the majority's decision in this case. However, the family court order has left these parties (and even more importantly, this child) in legal limbo.