**STATE OF WEST VIRGINIA**

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **L.P.-1, R.P., J.P. Jr., N.P., I.P., & L.P.-2,**

**No. 15-0704** (Mingo County 14-JA-108, 14-JA-109, 14-JA-110, 14-JA-111, 14-JA-112, & 14-JA-113)

## MEMORANDUM DECISION

Petitioner M.V., by counsel Diana Carter Wiedel, appeals the Circuit Court of Mingo County's May 29, 2015, order terminating his custodial rights to fifteen-year-old L.P.-1, fourteen-year-old R.P., twelve-year-old J.P. Jr., eleven-year-old N.P., nine-year-old I.P., and six-year-old L.P.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Susan J. Van Zant, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) terminating his custodial rights when the DHHR failed to prove that he abused the children; (2) terminating his custodial rights without granting an improvement period to him or the children's mother when they both had fully complied with services; (3) terminating his custodial rights when the children, some of whom were older than fourteen years of age, did not want his custodial rights terminated; and (4) in denying him post-termination visitation.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2014, the DHHR filed an abuse and neglect petition against the children's mother and her live-in boyfriend, petitioner, alleging that petitioner physically abused the children and the mother failed to protect her children from that continued abuse. According to the DHHR, petitioner committed acts of excessive punishment and other physical abuse, such

---

[1]Because two of the children share the same initials, we have distinguished them using numbers 1 and 2. The Circuit Court of Mingo County's case numbers also serve the distinguish them.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

as grabbing a child by the throat and choking her, slapping one of the children, making at least one of the children drink "pickle juice" as punishment, and generally making the children feel afraid and unsafe. The DHHR also asserted that the children were only allowed to eat crackers and drink water if their room was dirty. The DHHR further alleged that the children's mother sought an emergency protective order ("EPO") for the children against petitioner in October of 2014 based on his physical abuse, but she later recanted her allegations against him and the EPO was either not entered or dismissed. The DHHR claimed that petitioner was back in the home with the children by November 10, 2014.

Later that month, the circuit court held a preliminary hearing. At that hearing, the circuit court found that all of the children disclosed physical abuse by petitioner. The court found probable cause for removal of the children and set the matter for adjudication.

Between December of 2014 and February of 2015, the circuit court held several adjudicatory hearings, which were continued on at least one occasion to complete in-camera review of interviews conducted with the children. The DHHR presented its evidence in support of the allegations in the petition, and the circuit court interviewed the children in camera. Petitioner did not testify on his own behalf, but he presented witnesses to testify to his good behavior around the children. At the conclusion of these hearings, the circuit court found that "the children revealed horrible abuse at the hands of [petitioner];" that petitioner abused these children; and that it was in the children's best interests to remain in the DHHR's custody pending a dispositional hearing.

In March of 2015, the circuit court held a dispositional hearing. The DHHR presented evidence that, although petitioner admitted placing his hands on the children in pleadings to the circuit court, he failed to understand that his conduct was unacceptable. The Child Protective Services ("CPS") worker testified that there was no reasonable likelihood that services could correct the problems at issue. Ultimately, the circuit court found that petitioner emotionally and physically abused the children and participated in other at-risk behaviors. Further, the circuit court found that petitioner failed to recognize the extent of his wrongdoing. Finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future and that the children's welfare required termination, the circuit court terminated petitioner's custodial rights to the children. The circuit court noted the children's wishes to reside with their mother, but countered that, despite their wishes to return to their mother's home, the same was not in their best interests. The circuit court also denied petitioner post-termination visitation with the children. The final order was entered on May 29, 2015. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner's first assignment of error is that the circuit court erroneously terminated his custodial rights because the DHHR failed to satisfy its burden that he abused the children. West Virginia Code § 49-1-3(1)(A) states that " '[a]bused child' means a child whose health or welfare is harmed or threatened by . . . [a respondent] . . . who knowingly or intentionally inflicts [or] attempts to inflict . . . physical injury or mental or emotional injury, upon the child or another child in the home[.]" As to the finding of abuse in an abuse and neglect proceedings, we have held that

[i]n a child abuse and neglect hearing, before a court can begin to make any of the dispositional alternatives under W.Va. Code [§] 49-6-5, it must hold a hearing under W.Va. Code [§] 49-6-2, and determine "whether such child is abused or neglected." Such a finding is a prerequisite to further continuation of the case.

*In re Kasey M.*, 228 W.Va. 221, 225, 719 S.E.2d 389, 393 (2011) (citing Syl. Pt. 1, *State v. T.C.*, 172 W.Va. 47, 303 S.E.2d 685 (1983)); *see also State v. C.N.S.*, 173 W.Va. 651, 656, 319 S.E.2d 775, 780 (1984) (stating that "[o]nce there has been a proper finding of abuse or neglect, the proceedings move into the dispositional phase, which is governed by W.Va. Code § 49-6-5.").

In addressing the burden of proof at the adjudicatory hearing, we have explained that

"W.Va. Code [§] 49-6-2(c) [] requires the State Department of Welfare [now the Department of Human Services], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the State Department of Welfare is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted). The burden of proof in abuse or neglect proceedings does not shift from the DHHR to a child's parent, guardian, or custodian. Syl. Pt. 5, in part, *In re George Glen B., Jr.*, 207 W.Va. 346, 532 S.E.2d 64 (2000) (holding that even in cases arising from a prior termination, "the Department of Health and Human Resources continues to bear the burden of proving that the subject child is abused or neglected. ") (emphasis added); Syl. Pt. 4, *In re: K.L.*, 233 W.Va. 547, 759 S.E.2d 778 (2014) (holding that "[t]he burden of proof in a child neglect or abuse case does not shift from the State Department of [Health and Human Resources] to the parent, guardian or custodian of

the child. It remains upon the State Department of [Health and Human Resources] throughout the proceedings.").

In this case, the record on appeal provides ample evidence that the DHHR met its burden of clear and convincing proof that petitioner abused the children herein. While petitioner argues that the circuit court failed to consider the evidence he presented of good behavior around the children, we find no indication in the record that the circuit court failed to "consider" this evidence. Instead, the circuit court weighed the evidence in favor of the DHHR and against petitioner's argument, which is consistent with the circuit court's authority in these matters. *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (stating that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact.") (citation omitted)); *see also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Further, we find no support in the record on appeal for petitioner's conclusory statement that "[u]pon information and belief, the children . . . gave numerous different stories [regarding the abuse][.]" We have often explained that

> [a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Skidmore v. Skidmore*, 225 W.Va. 235, 691 S.E.2d 830 (2010) (citation omitted). We will not presume error from facts not in evidence, nor would we presume error even if the children were proven to have given different versions of events without more information as to their differences.

To the contrary, the evidence affirmatively established that petitioner abused the children by choking, slapping, and excessively punishing them, in addition to other abuses. As the circuit court noted several times below, each of the children revealed horrible physical abuses by petitioner. Based on the evidence presented at the adjudicatory hearing, the DHHR satisfied its burden to establish child abuse in this matter. As such, we find no merit to this assignment of error.

Next, petitioner argues that the circuit court erred in terminating his custodial rights without granting him an improvement period when he fully complied with services.[3] We have

---

[3]We note that petitioner also argues under this assignment of error that the children's mother was entitled to an improvement period. However, he has no standing to assert the rights of the children's mother under the circumstances of this case. *See Kanawha Cnty. Pub. Library Bd. v. Bd. of Educ. of Cnty. of Kanawha*, 231 W.Va. 386, 398, 745 S.E.2d 424, 436 (2013) (stating that "[t]raditionally, courts have been reluctant to allow persons to claim standing to vindicate the rights of a third party[.]") (citation omitted). Therefore, we do not address petitioner's argument as it relates to the children's mother's improvement period.

explained that West Virginia Code §§ 49-6-12(b), 49-6-12(c), and 49-6-5(c) provide circuit courts with discretion in determining whether to grant or deny improvement periods in these proceedings. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) ("An elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." (citations omitted)); *see also In re Tonjia M*, 212 W.Va. 443, 448, 573 S.E.2d 354, 359 (2002) (stating that "[w]e have held that the granting of an improvement period is within the circuit court's discretion."). Pursuant to those statutes, a circuit court may grant an improvement period to a respondent parent who demonstrates by clear and convincing evidence that she is likely to fully participate in the same. We have also explained that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)).

In the instant case, petitioner failed to acknowledge the abuses to which he submitted these children. While he states in his brief on appeal that "he used discipline that may have been inappropriate at times[,]" he fails to acknowledge the existence of the basic allegations brought against him in this matter. Therefore, an improvement period is not warranted given the circumstances of this case. As such, we find no abuse of discretion in the circuit court's denial of an improvement period for petitioner.

Petitioner's third assignment of error is that the circuit court erred in terminating his custodial rights to the children when those children, some of whom were older than fourteen years of age, did not want his custodial rights terminated. However, in support of his assertion, petitioner cites a passage from the CPS worker's testimony where she summarizes a child's statement at a visit with petitioner where the children were excited to see him and one child stated, "I missed you." We do not agree with petitioner's conclusion that these statements equate to the children demonstrating their wishes that his custodial rights not be terminated. Given the lack of factual support for petitioner's argument in the record on appeal, we find no error in this regard.

To the extent petitioner argues that the children were not asked their preference, we find no objection on this ground in the record below. This Court has often held that it will not consider issues raised for the first time on appeal. *In re Michael Ray T.*, 206 W.Va. 434, 444, 525 S.E.2d 315, 325 (1999) (stating that "a constant refrain of this Court is that we will not consider, for the first time on appeal, a matter that has not been determined by the lower court from which the appeal has been taken."); *Syl. Pt. 1, Mowery v. Hitt*, 155 W.Va. 103, 181 S.E.2d 334 (1971) (holding that "this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken."). Further, Rule 10(c)(7) of the

West Virginia Rules of Appellate Procedure requires that the argument in petitioner's brief "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." It is an appellant's burden to show the error in judgment of which he complains. *See Syl. Pt. 2, W. Va. Dep't. of Health & Hum. Res. Emps. Fed. Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004). Therefore, we find that petitioner failed to preserve this issue for appellate review. However, assuming he had preserved this issue, we would find no reversible error. As noted by the circuit court, some of the children indicated a desire to return to their mother, which the circuit court determined was contrary to their best interests, but there is no indication that the children wished the same for petitioner.

Petitioner's final assignment of error is that the circuit court erred in denying him post-termination visitation with the children. This Court has long held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). Further, the word "may" is permissive and connotes discretion. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) (providing that "[a]n elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion.") (citations omitted). Here, the circuit court found that post-termination visitation was not in the children's best interest and would have been detrimental to their well being. Given the level of physical abuse each child reported at the hands of petitioner and petitioner's failure to acknowledge that abuse or the emotional and physical harm he caused the children thereby, we find that the circuit court did not abuse its discretion in denying petitioner continued contact with them.

For the foregoing reasons, we find no error in the circuit court's May 29, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II