**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **S.G.-1**

**No. 22-0040** (Wyoming County 20-JA-39)

**MEMORANDUM DECISION**

Petitioner Father S.G.-2, by counsel Lela Walker, appeals the Circuit Court of Wyoming County's December 14, 2021, order terminating his parental rights to S.G.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Andrew Waight, filed a response in support of the circuit court's order. The guardian ad litem, Latachia Miller, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights because it did not comply with Rule 27 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The proceedings began in July of 2020 when the DHHR filed a petition alleging that the child's mother and another adult respondent abused and neglected the child due to substance abuse. At that time, the DHHR named petitioner as a respondent to the proceedings but did not include allegations against him. After several continuances, the court held a preliminary hearing which petitioner did not attend, although he was represented by counsel.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because the child and petitioner share the same initials, we will refer to them as S.G.-1 and S.G.-2, respectively, throughout the memorandum decision.

1

In July of 2021, the DHHR filed an amended petition alleging that petitioner abandoned the child. According to the amended petition, the child had been in the DHHR's custody for approximately one year, and petitioner had not appeared at any hearings. Further, the DHHR alleged that petitioner contacted the DHHR only once while the child was in their custody. According to the DHHR, petitioner requested visits with the child in December of 2020, but when the service provider attempted to contact petitioner at the number he provided, petitioner did not respond. The record shows that following the filing of the amended petition, petitioner's counsel was granted at least two continuances of the preliminary hearing because petitioner was not present.

The matter came on for an adjudicatory hearing in October of 2021. Petitioner again was not present, but was represented by counsel. A Child Protective Services ("CPS") worker testified that petitioner had not had any involvement with the child since the original petition was filed and confirmed that petitioner contacted the DHHR only once to request visitation with the child but failed to remain in contact with the DHHR after visits were arranged. The CPS worker also confirmed that petitioner had not provided the child with any support during this period or otherwise attempted to fulfill any of his parental duties. The CPS worker also explained that while these proceedings were pending, petitioner was involved in another CPS case related to different children who are not at issue in this appeal. According to the CPS worker, despite petitioner having contact with CPS in regard to that prior investigation, "he did not once ask about" S.G.-1. Based on the evidence, the circuit court found, on the record, as follows: "Clearly the evidence establishes by clear and convincing evidence that [petitioner] has provided no contact or support and no bond with the child, and as such has abandoned [the child]." It is undisputed that no adjudicatory order was entered following this hearing.[2]

In November of 2021, petitioner appeared for the dispositional hearing, marking his first appearance in the matter. The DHHR presented testimony from a CPS worker. Ultimately, the court found that petitioner's conduct demonstrated that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that the child's welfare required termination of petitioner's parental rights. Accordingly, the court terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[2]We do note that, following the perfection of petitioner's appeal in this matter, the circuit court entered an "Adjudicatory Order for Respondent . . . Nunc Pro Tunk [sic]." Because petitioner's argument on appeal is disposed of under the specific language of Rule 27 of the Rules of Procedure for Child Abuse and Neglect Proceedings and addressed below, it is unnecessary to address the effect of the entry of this order subsequent to petitioner's appeal.

[3]The mother's parental rights were also terminated. The permanency plan for the child is adoption in the current placement.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner raises only one assignment of error concerning a narrow legal issue. According to petitioner, it was error to proceed with the termination of his parental rights because the circuit court failed to comply with Rule 27 of the Rules of Procedure for Child Abuse and Neglect Proceedings when it did not enter an adjudicatory order.[4] Rule 27 provides that

[a]t the conclusion of the adjudicatory hearing, the court shall make findings of fact and conclusions of law, in writing or on the record, as to whether the child is abused and/or neglected in accordance with W. Va. Code § 49-4-601(i). The court shall enter an order of adjudication, including findings of fact and conclusions of law, within ten (10) days of the conclusion of the hearing, and the parties and all other persons entitled to notice and the right to be heard shall be given notice of the entry of this order.

According to petitioner, the court's failure to enter an adjudicatory order prejudiced him because "[c]ounsel for [petitioner] could never prove the seriousness of the allegations against [him] due to not being able to provide court orders to her client." We find, however, that this argument does not entitle petitioner to relief, as the record shows that petitioner willfully refused to participate in the proceedings.

Indeed, the original petition including petitioner as a named respondent was filed approximately fifteen months prior to the dispositional hearing when petitioner made his first appearance. While petitioner would have this Court believe that the lack of an adjudicatory order caused him to believe the proceedings were not serious, it is clear that petitioner abandoned the proceedings from the outset. We refuse to reward petitioner for his failure to participate simply because the circuit court did not fully comply with Rule 27. This is especially true in light of the

---

[4]In his brief, petitioner makes passing reference to the circuit court's alleged failure to enter other orders or find probable cause in regard to the child's emergency removal. He also sets forth several assignments of error early in his brief, only to abandon all but one in his actual argument. This is in violation of Rule 10(c)(7) of the Rules of Appellate Procedure, requiring a brief to "contain an argument exhibiting clearly the points of fact and law presented . . . and citing the authorities relied on." Petitioner's assignment of error in his argument section is clear that it concerns only the application of Rule 27, which governs adjudication. As such, we decline to address any issue other than the circuit court's failure to enter the adjudicatory order.

fact that petitioner does not challenge the sufficiency of the evidence against him at adjudication or the circuit court's adjudication of him for abandonment. Instead, petitioner simply seeks relief from this Court because he chose to ignore the seriousness of the proceedings against him and the possibility that his parental rights may be terminated. Upon our review, he is not entitled to relief.

Finally, because petitioner does not directly challenge the termination of his parental rights and, instead, asserts that termination could not proceed in the absence of an adjudicatory order, we similarly find that he is entitled to no relief. On appeal, petitioner cites to cases that have no bearing on this issue before the Court. Specifically, he cites to *In re Beth Ann B.*, 204 W. Va. 424, 513 S.E.2d 472 (1998), wherein this Court granted relief upon the lower court's failure to conduct a dispositional hearing. Given that the circuit court below held the necessary hearings, which petitioner acknowledges, it is difficult to understand why he believes this case entitles him to relief. He similarly relies on *In re J.A.*, 242 W. Va. 226, 833 S.E.2d 487 (2019), wherein this Court granted partial relief upon a circuit court's failure to enter a dispositional order that addressed all of the children at issue. Again, this case does not present a fact pattern similar to the one currently before the Court and is, therefore, not controlling. On the contrary, we have previously explained that "[o]nce there has been a proper finding of abuse or neglect, the proceedings move into the dispositional phase, which is governed by W.Va.Code § [49-4-604]." *State v. C.N.S.*, 173 W. Va. 651, 656, 319 S.E.2d 775, 780 (1984). As addressed above, the court properly found that petitioner abandoned the child, a finding petitioner does not challenge on appeal. As such, the court was free to proceed to disposition once it made this finding.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 14, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: May 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn