IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2025 Term

_____

No. 23-634

_____

IN RE C.E.

_____

Appeal from the Circuit Court of Hancock County
The Honorable Ronald E. Wilson, Judge
Civil Action No. 22-JA-12

VACATED AND REMANDED WITH DIRECTIONS

_____


Submitted: January 29, 2025
Filed: March 25, 2025

FILED

March 25, 2025

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Amy Pigg Shafer, Esq.
Wheeling, West Virginia
Guardian Ad Litem

James T. Carey, Esq.
Weirton, West Virginia
Attorney for Respondent, C.E.-2

Amanda M. Alexander, Esq.
Weirton, West Virginia
Attorney for Respondent, L.F.

John B. McCuskey, Esq.
Attorney General
Chaelyn W. Casteel, Esq.
Assistant Attorney General
Charleston, West Virginia
Attorneys for Respondent,
Department of Human Services

JUSTICE TRUMP delivered the Opinion of the Court.

**SYLLABUS OF THE COURT**

1.      "'Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.' Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996)." Syl. Pt. 1, *In re B.P.*, 249 W. Va. 274, 895 S.E.2d 129 (2023).

2.      A circuit court is required to conduct a dispositional hearing prior to entering the dispositional order in an abuse and neglect case, regardless of the ultimate manner of disposition.

3.      "Each child in an abuse and neglect case is entitled to effective representation of counsel. To further that goal, [West Virginia Code § 49-4-601 (2019)] mandates that a child has a right to be represented by counsel in every stage of abuse and

i

neglect proceedings." Syl. Pt. 5, in part, *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993).

4.     "The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, in part, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014).

5.     "Where it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order." Syl. Pt. 5, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

**TRUMP, Justice:**

The petitioner is the guardian ad litem appointed to represent the child, C.E.-1,[1] in abuse and neglect proceedings in the Circuit Court of Hancock County. The guardian ad litem appeals the circuit court's October 11, 2023, dispositional order, asserting that the circuit court committed numerous errors throughout its proceedings leading up to an improper disposition of the case. The guardian ad litem asks this Court to reverse the circuit court's dispositional order and remand the case to the circuit court with instructions to hold a dispositional hearing and enter a new dispositional order, thereafter, containing appropriate findings of fact and conclusions of law.

Upon careful review of the briefs, the appendix record, the arguments of the parties, and the applicable legal authority, we conclude that the circuit court erred when it failed to conduct a dispositional hearing prior to entering a dispositional order in this case; when it denied the child his right to representation by conducting an ex parte meeting with all parties except for the guardian ad litem, in lieu of the requisite dispositional hearing; and when it failed to enter a dispositional order with findings of fact and conclusions of law to support its disposition of the case. We therefore vacate the circuit court's

---

[1] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Further, because the child and the respondent-father share the same initials, we refer to them as C.E.-1 and C.E.-2, respectively.

1

dispositional order and remand the case to the circuit court for further proceedings and entry of a new dispositional order consistent with this opinion.

## I. FACTS AND PROCEDURAL BACKGROUND

In March of 2022, the DHS[2] filed a petition against the mother and father respondents in this case, L.F. and C.E.-2 respectively, after L.F. was discovered unconscious on her bed with heroin and drug paraphernalia nearby, and with her then-four-month-old child, C.E.-1, strapped into a car seat in the same room. According to the petition, the father, C.E.-2, admitted that he knew of L.F.'s substance abuse when he left C.E.-1 alone in her care. The record also reflects that C.E.-2 had overdosed on heroin on two recent occasions, both occurring less than two months prior to the incident giving rise to the petition. The circuit court granted the DHS temporary legal and physical custody of C.E.-1, and shortly thereafter, appointed the petitioner as guardian ad litem for the child.[3] At the April 2022 adjudicatory hearing, both parents stipulated to their adjudications,

---

[2] Pursuant to West Virginia Code § 5F-2-1a (2024), the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2 (2024). For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS") and is referred to as the DHS for the purposes of this opinion.

[3] The abuse and neglect proceedings at issue also involved C.E.-2's two older children, in addition to C.E.-1. The petitioner served as guardian ad litem for all of C.E.-2's children; however, the petitioner only appeals the circuit court's dispositional order as it relates to C.E.-1.

admitted to drug use that impaired their parenting abilities, and were granted post-adjudicatory improvement periods.

The terms of both parents' improvement periods required them to submit to regular drug screenings and refrain from using any nonprescribed drug. By August 2022, both parents had screened positive for fentanyl, and the guardian ad litem moved to terminate the parents' improvement periods for noncompliance. Despite the guardian ad litem's motion and subsequent requests by both the guardian ad litem and the DHS to move the matter to disposition, the circuit court engaged in a series of actions that effectively prolonged the improvement periods until July 2023. Specifically, after the improvement periods had expired in October 2022,[4] the circuit court entered an order in November 2022 granting the guardian ad litem's motion to terminate the improvement periods, while also ordering the parents to continue complying with the terms of the improvement periods. The contradictory language in the circuit court's November 2022 order had the practical effect of extending the improvement periods indefinitely. In March 2023, the circuit court entered an order officially "reinstating" the improvement periods for an unspecified length of time over the objection of the guardian ad litem. Throughout the prolonged improvement periods, the guardian ad litem made the circuit court aware of the parents' continued

---

[4] The parents' improvement periods statutorily expired in October 2022 by virtue of West Virginia Code § 49-4-610(2) (2015), which states that "a court may grant a respondent an improvement period of a period not to exceed six months[.]"

noncompliance with the terms of the improvement periods, citing numerous positive and missed drug screenings. At an April 2023 review hearing, the guardian ad litem objected to further continuation of the improvement periods based on statutory time limits. The circuit court replied to the guardian ad litem's objections, stating that "whatever the legislature established as an arbitrary rule was not a fixed rule if it was not good for the children and he was always going to do what was best for the children."[5] In May 2023, the guardian ad litem filed a petition for a writ of prohibition with this Court in which she sought to prohibit the circuit court's indefinite continuation of the improvement periods. The petition became moot after the circuit court terminated the improvement periods in July 2023 and scheduled the matter for disposition.[6]

Prior to the August 2023 dispositional hearing, counsel for the DHS and the guardian ad litem submitted pre-dispositional filings to the circuit court recommending termination of L.F.'s and C.E.-2's parental rights to C.E.-1. Upon commencement of dispositional proceedings, rather than calling for witnesses to testify, the circuit court announced that it wished to speak privately in chambers with DHS counsel, counsel for the parents, and counsel for C.E.-1's paternal grandparents. The circuit court then conducted an ex parte meeting in judicial chambers, which included counsel for all parties to the case

---

[5] This language appears as it was memorialized in the circuit court's April 2023 order.

[6] *See State ex. rel. C.E. v. Wilson*, No. 23-297, Order (W. Va. Sept. 12, 2023).

4

except for the guardian ad litem. When courtroom proceedings resumed after the ex parte meeting, counsel for the DHS informed the circuit court that the parents had agreed to disposition pursuant to West Virginia Code § 49-4-604(c)(5) (2020) (commonly called a "Disposition Five") and that the DHS would not object to that manner of disposition. The guardian ad litem objected to the Disposition Five with respect to C.E.-1.

According to the circuit court's October 11, 2023, dispositional order, the circuit court noted "that it was likely that the Department would meet its burden of proof in a contested Dispositional hearing, [and] it was likely that the court would have to terminate all parental rights based upon the [parents'] noncompliance with their Post-Adjudicatory Plans of Improvement." Nonetheless, without conducting the scheduled evidentiary hearing, the circuit court approved the parents' Disposition Five agreements; committed the child to the care, custody, and control of the DHS; and pronounced that the permanency plan for C.E.-1 would be a legal guardianship with the maternal grandmother, pending completion of a home study. The circuit court specifically noted that it "considered the guardian's objection [to the Disposition Five][,] considered the child's age and the extended time in which the child had been placed in his current home with his grandmother[,]" and denied the guardian ad litem's objection. Although the dispositional order recounts the events and agreements that took place in the courtroom on August 14, 2023, the order does not set forth detailed findings of fact or conclusions of law to support the disposition. Notably absent from the order is any mention of how a Disposition Five

5

was in the best interests of C.E.-1, as opposed to a more permanent manner of disposition. According to the dispositional order, the circuit court acknowledged that the guardian ad litem might appeal the disposition and advised the parents:

> that if the Guardian ad Litem appealed the Court's ruling the Court would oppose it because it would not be in the best interest of the child and would inform the Supreme Court that it objects to the payment of any additional compensation to the Guardian ad litem for attorney fees and court costs.

It is from the final dispositional order that the guardian ad litem appeals.


## II.  STANDARD OF REVIEW

Our standard of review for abuse and neglect cases is well established. As this Court has long held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

6

Syl. Pt. 1, *In re B.P.*, 249 W. Va. 274, 895 S.E.2d 129 (2023). With this standard in mind, we consider the parties' arguments.

### III. DISCUSSION

The guardian ad litem asserts the following assignments of error: 1) that the circuit court erred when it ordered a Disposition Five over her objection, after failing to hold an evidentiary dispositional hearing; 2) that the circuit court erred when it entered a dispositional order devoid of findings of facts and conclusions of law as to how the disposition was in C.E.-1's best interests; and 3) that the circuit court erred when it "reinstated" the parents' post-adjudicatory improvement periods for an indefinite period of time, absent the parents' substantial compliance with the terms of their initial improvement periods.[7] In its response, the DHS concurs with the guardian ad litem's assignments of error and also asks this court to remand the matter to the circuit court with instructions to conduct a dispositional hearing and enter an appropriate dispositional order. The respondent parents refute each of the guardian ad litem's assignments of error, arguing that the circuit court's dispositional proceedings and order were both proper and that any issue concerning reinstatement of their improvement periods is now moot.

---

[7] For the purposes of this opinion, the guardian ad litem's assignments of error are listed and discussed in a different order than they appear in her petition.

We first turn to the guardian ad litem's argument that the circuit court erred when it failed to hold a dispositional hearing prior to entering its dispositional order in this case. We agree with the guardian ad litem that this was error. This Court has recently emphasized that "a dispositional hearing is a necessary and vital part of abuse and neglect proceedings," and has long held that a dispositional hearing is needed to "specifically and thoroughly" address potential termination of parental rights. *See In re K. S.*, 246 W. Va. 517, 525, 874 S.E.2d 319, 327 (2022) (citing Syl. Pt. 3, in part, *State ex rel. W. Va. Dep't of Health & Hum. Res. ex rel. Chastity D. v. Hill*, 207 W. Va. 358, 532 S.E.2d 358 (2000)). "[E]ven when there have been stipulations entered which would seemingly obviate the need for the [dispositional] hearing, this Court has still required the hearing to be conducted." *Id.* at 525, 874 S.E.2d at 327 (citing Syl. Pt. 2*, In re Beth Ann B*., 204 W. Va. 424, 513 S.E.2d 472 (1998)).

While our prior caselaw on this topic was largely developed in instances where parental rights were terminated without a sufficient dispositional hearing, we find that a dispositional hearing is no less necessary prior to any other manner of disposition permitted under West Virginia Code § 49-4-604. A dispositional hearing provides the circuit court with the opportunity to hear and review the information, arguments, and objections presented by the parties to an abuse and neglect case, so that the circuit court may consider all relevant facts and evidence when choosing the disposition that serves the

8

best interests of the child.[8] Therefore, we take this opportunity to hold explicitly that a circuit court is required to conduct a dispositional hearing prior to entering the dispositional order in an abuse and neglect case, regardless of the ultimate manner of disposition.

This Court's rules specifically address the necessity of an evidentiary hearing prior to disposition in a contested abuse and neglect case, such as this one. Rule 35 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings requires, in part, that "[w]hen termination of parental rights is sought and resisted, the court shall hold an evidentiary hearing on the issues thus made, including the issues specified by statute and make such findings with respect thereto as the evidence shall justify."[9] In this case, both the DHS and the guardian ad litem formally recommended termination of parental

---

[8] The "best interests of the child" standard is the controlling consideration in every circuit court decision in an abuse and neglect case. *See*, *e.g.*, Syl. Pt. 4, *In re H.T.*, 250 W. Va. 11, 902 S.E.2d 143 (2024) (quoting Syl. Pt. 4, in part, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014)) ("The controlling standard that governs any dispositional decision remains the best interests of the child."); Syl. Pt. 2, *In re S.C.*, 248 W. Va. 628, 889 S.E.2d 710 (2023) ("Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.") (quoting Syl. Pt. 3, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996)); *In re L.M.*, 235 W. Va. 436, 445, 774 S.E.2d 517, 526 (2015) ("As this Court consistently has reiterated, in all cases involving children, the polar star is the best interests of the child.").

[9] "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." Syl. Pt. 1, *Nelson v. W. Va. Pub. Emps. Ins. Bd.*, 171 W. Va. 445, 300 S.E.2d 86 (1982). "Court rules are interpreted using the same principles and canons of construction that govern the interpretation of statutes." Syl. Pt. 2, *Casaccio v. Curtiss*, 228 W. Va. 156, 718 S.E.2d 506 (2011). The word "shall" when used in our court rules is, therefore, generally afforded a mandatory connotation.

rights in their pre-disposition filings with the circuit court—the DHS through the pre-dispositional case plan and the guardian ad litem through the pre-dispositional report. Based on these filings, termination of parental rights was being sought by both the guardian ad litem and the DHS at the commencement of dispositional proceedings, making the disposition contested and subject to Rule 35. Consequently, the circuit court erred when it entered a dispositional order in this case without first conducting an evidentiary hearing.

Compounding the circuit court's error in failing to conduct a dispositional hearing was the circuit court's substitution of an ex parte meeting with counsel for all parties, except for the guardian ad litem, for the requisite hearing. West Virginia recognizes that the child involved in an abuse and neglect case has a right to representation. *See* W. Va. Code § 49-4-601(f); *see also In re Christina W*., 219 W. Va. 678, 682, 639 S.E.2d 770, 774 (2006). We have held that "[e]ach child in an abuse and neglect case is entitled to effective representation of counsel. To further that goal, [West Virginia Code § 49-4-601] mandates that a child has a right to be represented by counsel in every stage of abuse and neglect proceedings." Syl. Pt. 5, in part, *In re Jeffrey R.L.,* 190 W. Va. 24, 435 S.E.2d 162 (1993). The respondent parents contend that the ex parte meeting was permissible in this instance, arguing that the guardian ad litem consented to the ex parte meeting by her failure to object to the meeting. We find the question of the guardian ad litem's consent to be irrelevant, as a guardian ad litem lacks the authority to waive a child's statutory right to representation at every stage of abuse and neglect proceedings. The fact remains that C.E.-1

10

was unrepresented in the circuit court's meeting with the other parties to the case when those parties discussed and reached an agreement concerning disposition. The ex parte meeting was held in lieu of a proper dispositional hearing, where C.E.-1's interests could have been fully and effectively represented, on the record, by his guardian ad litem. Therefore, the circuit court's ex parte meeting with parties to this abuse and neglect case, in the absence of the guardian ad litem and in lieu of the requisite dispositional hearing, denied C.E.-1 his right to representation at the dispositional stage of his abuse and neglect case.

The guardian ad litem also asserts that the circuit court erred when it entered a dispositional order devoid of findings of fact and conclusions of law as to why a Disposition Five was in C.E.-1's best interests. We again agree that this was error. West Virginia Code § 49-4-604 sets forth different requirements for the minimum findings of fact and conclusions of law that must appear in dispositional orders for the various types of dispositions permitted under that statute. In this case, the dispositional order was insufficient to support *any* manner of disposition permitted under West Virginia Code § 49-4-604.[10] Rule 36 of the West Virginia Rules of Procedure for Child Abuse and Neglect

---

[10] Our review of the dispositional order in this case is complicated by the fact that the manner of disposition was problematic, for reasons not raised on appeal. The circuit court appears to have treated the Disposition Five as a "stipulated" or uncontested disposition, as many of the findings in the dispositional order relate to the parents' agreement to the disposition. The guardian ad litem clearly objected to the disposition, and Rule 33 of the Rules of Procedure for Child Abuse and Neglect Proceedings provides that

Proceedings, which applies to all dispositional orders, provides that "[a]t the conclusion of the disposition hearing, the court shall make findings of fact and conclusions of law, in writing or on the record, as to the appropriate disposition in accordance with the provisions of West Virginia Code § 49-4-604." In determining which disposition is "appropriate" in an abuse and neglect case, the standard is clear: "The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, in part, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014). The dispositional order entered in this case did not contain any findings of fact or conclusions of law to explain how the chosen disposition was in C.E.-1's best interests or consistent with applicable law.

Moreover, the circuit court's order did not comply with Rule 35, which, as explained above, applied to the contested disposition of this case. Rule 35 requires a circuit court to "make such findings with respect thereto as the evidence shall justify" following an evidentiary hearing in a contested disposition. Because the circuit court failed to hold a dispositional hearing in the first place, the circuit court could not, and did not, make

stipulated disposition may only occur when all parties "voluntarily consent" to the stipulated disposition. Furthermore, West Virginia Code § 49-4-604(c)(5) expressly provides for a temporary placement only. Rule 33 specifies that "[a] stipulated disposition involving a temporary out-of-house placement cannot be permitted beyond the time allowable by statute for an improvement period," which time period was clearly exceeded in this case.

Even if we were to assume, arguendo, that the parties properly stipulated to a Disposition Five in this case, the dispositional order did not contain all of the mandatory findings enumerated in West Virginia Code § 49-4-604(c)(5)(A) through (E).

12

findings justified by evidence presented in such a hearing. Thus, we find that the circuit court erred by entering a dispositional order devoid of the findings of fact and conclusions of law necessary to support its disposition of the case.

Finally, we turn to the guardian ad litem's remaining assignment of error, in which she asserts that the circuit court impermissibly extended the respondent parents' improvement periods when it "reinstated" the improvement periods in March 2023. We agree with the respondent parents that the issue is now moot, as the circuit court terminated the reinstated improvement periods by order on July 25, 2023, and the case proceeded to disposition shortly thereafter. Nevertheless, we must strongly caution the circuit court in regard to its April 19, 2023, statement to the guardian ad litem "that whatever the legislature established as an arbitrary rule [regarding the length of improvement periods] is not binding" on the circuit court. As we have previously explained:

> The procedural and substantive requirements of West Virginia Code § 49-4-601 *et seq*., the Rules of Procedure for Child Abuse and Neglect, and our extensive body of caselaw are not mere guidelines. The requirements contained therein are not simply window dressing for orders which substantively fail to reach the issues and detail the findings and conclusions necessary to substantiate a court's actions. The time limitations and standards contained therein are mandatory and may not be casually disregarded or enlarged without detailed findings demonstrating exercise of clear-cut statutory authority.

*In re J. G.*, 240 W. Va. 194, 204-05, 809 S.E.2d 453, 463-64 (2018); *see also State ex rel. P.G. 1 v. Wilson*, 247 W. Va. 235, 247, 878 S.E.2d 730, 742 (2021) ("A circuit court may disagree with the statute and rules, but it is not at liberty to ignore them.")

13

We must further express our concern over the circuit court's statements during dispositional proceedings, which appeared to discourage the guardian ad litem from appealing the circuit court's dispositional order by threatening to oppose payment for her services. It is well-established that the guardian ad litem has a duty to exercise the appellate rights of the child, "if, in the reasonable judgment of the guardian ad litem, an appeal is necessary." Syl. Pt. 4, in part, *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993) (quoting Syl. Pt. 3, *In re Scottie D.*, 185 W.Va. 191, 406 S.E.2d 214 (1991)). Additionally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991). We therefore strongly caution the circuit court against any statement intended to discourage a guardian ad litem from appealing a decision on behalf of a child. Such conduct risks denying the child in an abuse and neglect case the right to appeal a circuit court decision, as well as the right to representation at the appellate stage of proceedings.

In light of our holdings, we find that the circuit court erred when it failed to conduct a dispositional hearing prior to entering its dispositional order in this case; when it denied C.E.-1 his right to representation by conducting an ex parte meeting with all parties except for the guardian ad litem, in lieu of the requisite dispositional hearing; and when it failed to enter a dispositional order with findings of fact and conclusions of law to support its disposition of the case. We have held previously that

14

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order."

Syl. Pt. 5, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001). The errors in this case lead us to conclude that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases has been substantially disregarded and frustrated, and thus, remand is necessary to ensure compliance with that process.

## IV. CONCLUSION

For the foregoing reasons, the October 11, 2023, dispositional order of the Circuit Court of Hancock County is hereby vacated. Furthermore, this case is remanded to the circuit court with instructions to conduct a proper dispositional hearing consistent with this decision expeditiously and, thereafter, to enter a dispositional order containing appropriate findings of fact and conclusions of law. The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated and Remanded with directions.

Mandate issued forthwith.

15